IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 1:24-cr-039 |
| v. ) | |
| ) | GOVERNMENT'S SENTENCING |
| TODD DAVID MATHESON, ) | MEMORANDUM |
| ) | |
| Defendant. ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced following Defendant's plea of guilty to Receipt of Child Pornography in violation of Title 18, United States Code, Sections 2252(a)(2), and 2522(b)(1). The Presentence Investigation Report ("PSR") calculated a Total Offense Level of 37 and a Criminal History Category of I with an advisory guideline range of 210-240 months' imprisonment, based on the statutory maximum. (PSR ¶ 119.)

**I.    Advisory Guideline Range**

The PSR calculated a Base Offense Level of 22 pursuant to USSG §2G2.2(a)(2). (PSR ¶ 50.) A 2-level enhancement was applied for the involvement of prepubescent children pursuant to USSG §2G2.2(b)(2). (PSR ¶ 51.) A 5-level enhancement was applied for distribution in exchange for something of value pursuant to USSG §2G2.2(b)(2). (PSR ¶ 52.) A 2-level enhancement was added for use of a computer pursuant to USSG §2G2.2(b)(6). (PSR ¶ 54.) A 4-level enhancement was attributed for sadistic conduct or violence or for the sexual exploitation of an infant or toddler

1

consistent with USSG §2G2.2(b)(4)(A, B). (PSR ¶ 53.) A 5-level enhancement was attributed for number of images pursuant to USSG §2G2.2(b)(7)(D). (PSR ¶ 55.) A 3-level reduction was applied for acceptance of responsibility pursuant to USSG §§3E1.1(a), (b). (PSR ¶¶ 61, 62.)  The Government will recommend the third level reduction to the Court. As stated above, the total offense level is 37. (PSR ¶ 63.)  The Defendant objected to the enhancement in paragraph 53 pursuant to §2G2.2(b)(4), paragraph 54 pursuant to §2G2.2(b)(6), and paragraph 55 pursuant to §2G2.2(b)(7)(D). (R. Doc. 47.) The Court will need to determine if the enhancement applies to establish the total offense level and corresponding guideline range.

II.   **Response to the Defendant's Objections**

Federal Rules of Criminal Procedure 32(c)(1) requires a sentencing court to rule on any unresolved objections to a PSR enhancement. An application of the sentencing enhancement must be supported by a preponderance of the evidence and the government has the burden to prove the factual basis for the enhancement. *United States v. Cochrane*, 608 F.3d 382, 383 (8th Cir. 2010). The Government intends to prove the factual and enhancement objections filed by the Defendant through the unobjected information contained in the PSR, as well as testimonial and exhibit evidence.

A.   **USSG §2G2.2(b)(4)**

Defendant's objection to the application of §2G2.2(b)(4) enhancement is that the enhancement is unwarranted and duplicative since the Defendant was also attributed the prepubescent minor enhancement under §2B2.2(b)(2). Double counting

occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been accounted for by application of another part of the Guidelines. Such double counting is permissible where (1) the Sentencing Commission intended the result and (2) each statutory section concerns conceptually separate notions related to sentencing. *United States v. Peck*, 496 F.3d 885, 890 (8th Cir. 2007).

The Government submits that the application of both enhancements does not increase the Defendant's exposure to a higher sentence based on harm that was accounted for in §2G2.2(b)(4) as that harm was not accounted for in the application of §2G2.2(b)(2). The Defendant's collection of child sexual abuse material included infants, toddler, and prepubescent children being sexually abused, the enhancements separately apply to the relevant images of videos and is warranted.

Additionally, this enhancement contains two categories: (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler. This enhancement applies to the Defendant under either option.

A four-point enhancement is added to the base offense level pursuant to §2G2.2(b)(4)(A) for possession of child pornography that "portrays ... sadistic or masochistic conduct or other depictions of violence. The enhancement also "applies to material *depicting* sadistic, masochistic, or violent conduct even if those pictured were not truly engaging in painful activities." *United States v. Cannon,* 703 F.3d 407, 415 (8th Cir. 2013). "Images involving the sexual penetration of a minor girl by an

3

adult male ... are *per se* sadistic or violent." *United States v. Belflower*, 390 F.3d 560, 562 (8th Cir. 2004). Production of videos involving a fifteen-year-old inserting a foreign object into her vagina and anus met the definition of "sadistic or masochistic conduct or other depictions of violence. *United States v. Schnekenburger*, 788 Fed. App'x 1044, 1044-45 (8th Cir. 2020). (*See United States v. Parker, 267 F.3d 839, 847 (8th Cir. 2001)* (holding that self-penetration by a foreign object qualifies as violence, even if self-inflicted and (*United States v. Starr*, 533 F.3d 985, 1001-02 (8th Cir. 2008) (holding that self-penetration with a foreign object by a seventeen-year-old victim qualifies as "violence" under §2G2.1(b)(4)). The unobjected to information contained in paragraphs 14, 23, 40, 41, of the PSR supports the enhancement.

### B.   USSG §2G2.2(b)(6)

Under USSG §2G2.2(b)(6), a two-level enhancement applies if the offense involved the use of a computer… for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. The Defendant objected to this enhancement, relying on *United States v Abraham*, a case in which the district court determined the enhancement for use of a computer should be rejected outright. 944 F.Supp.2d 723, 731 (8th Cir. 2013). "[T]he [G]uidelines provide increased punishment for use of the internet in the child pornography trade because the increased efficiency and anonymity make both senders and receivers of this material more dangerous." *United States v. Stulock*, 308 F.3d 922, 925 (8th Cir. 2002) (citing *United States v. Richardson*, 238 F.3d 837, 841 (7th Cir. 2001)).

The Defendant used a computer and the Internet to acquire a voluminous

amount of child pornography. The Defendant admitted to such in the plea agreement. (R. Doc. 39 ¶ 7c, e.) The unobjected to facts in paragraphs 12, 15, 18, 21, 24, 28, 36, and 37 of the PSR also support the enhancement. The computer enhancement should apply to the facts of this case, and any policy disagreements argued by the Defendant, considered as a mitigating 3553(a) factor.

### C.   USSG §2G2.2(b)(7)(D)

Under §2G2.2(b)(7)(D), a five-level enhancement applies if the offense involved more than 600, images of child pornography. An image is any visual depiction of child pornography that is a digital image, computer image of a minor engaging in sexually explicit conduct. 18 USC 2256(8)(B), §2G2.2, cmt. n.6(A) "Each photograph, picture, computer or computer-generated image, or any similar visual depiction shall be considered to be one image." §2G2.2, cmt. n.6(B)(i). See *United States v. Ardolf*, 683 F.3d 894, 901-02 (8th Cir. 2012). "Each video, video-clip, movie, or similar visual depiction shall be considered to have 75 images." §2G2.2, cmt. n.6(b)(ii). Also, duplicate images count as separate images under the Guideline. *Ardolf*, 683 F.3d at 901-02.

The Defendant received and possessed 112,215 images of child pornography, which includes 1,187 videos. (PSR ¶¶ 40, 41, 42.) This material included children as young as infants, with some images and videos memorializing children being

subjected to bestiality, oral, vaginal, and anal penetration with a penis or phallic object. *Id*. NCMEC identified 2,192 images and 268 videos of known children from 404 different series. (PSR ¶ 45.) The unobjected to factual information including paragraph 42 warrant the application of §2G2.2(b)(7)(D). The Defendant's argument should rather be considered as a mitigating 3553(a) factor.

### III. Restitution

Restitution is applicable in the offenses of conviction in an amount to be determined by the Court but not less than $3,000. (R. Doc. 39 ¶ 23.) The Court will need to determine the appropriate amount of restitution to be assessed to any victims that request such. The Defendant sold his home while incarcerated for $187,198.33 which should be considered an asset when the Court considers restitution and application of a fine. (PSR ¶¶ 111, 112.)

### IV. Title 18 U.S.C. § 3553(a) Factors.

The factors the Court must use to determine the sentence to be imposed are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed;
>   (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the sentencing range from the guidelines;

>    (5) any pertinent policy statements by the Sentencing Commission;
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>    (7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

"A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The Court considers all the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence. The Court is not required to do so, however.

The first factor to consider is the nature and circumstances of the offense and the history and characteristics of the defendant. The Defendant was interested in obtaining child pornography which was forensically located on his cellular phone and tablet. FBI received six cybertips that Google submitted to NCMEC with a date range of July 8, 2019, to August 10, 2023. The cybertips contained young children captured in a variety of illegal sex acts.

The Defendant's cell phone and tablet contained thousands of images and videos of children being sexually abused. The Defendant's cell phone also contained 84 chats between the Defendant, as username "Hornyandstiff" and 3 other individuals. These messages discussed what the Defendant would do with a child

sexually, if given an opportunity. The Defendant also distributed and received child pornography during these chats.

The length of time the Defendant was involved in the distribution, receipt and possession of child pornography, the nature of the images, the chats with other like-minded individuals who want to harm children, and similar types of images and videos on both devices warrant a guideline sentence.

In mitigation, the Defendant was employed with the same company for several years, was in a long-term relationship, and has family and friend support. The Court may consider the programming available to the Defendant while incarcerated. The Defendant would benefit from participation in sex offender treatment. The Court must consider adequate deterrence to both this Defendant as well as others who are similarly situated. The Court should also consider the protection of the community when crafting an appropriate sentence. The government is advocating for a sentence within the advisory guideline range.

                                        Respectfully Submitted,

                                        Richard D. Westphal
                                        United States Attorney

                              By: *S/Shelly Sudmann*
                                        Shelly Sudmann
                                        Assistant United States Attorney
                                        2146 27th Avenue, Suite 400
                                        Council Bluffs, Iowa 51501
                                        Tele:  (712) 256-5009
                                        Fax:  (712) 256-5112
                                        Email:  shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

\_\_\_\_U.S. Mail \_\_\_ Fax \_\_\_Hand Delivery

 X  ECF/Electronic filing \_\_\_Other means

UNITED STATES ATTORNEY

By: */s/PAC*
    Paralegal Specialist